[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13242

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-01688-CV-T-26-TGW

RICHARD L. TOOMEY,
Resident of Montgomery County, As an
individual and as an assignee of IMC Mortgage
Company,
BRIAN D. HOLMAN,
Resident of Baltimore County, As an
individual and as an assignee of IMC Mortgage
Company,

Plaintiffs-Appellees
Cross-Appellants,

versus

WACHOVIA INSURANCE SERVICES, INC.,
JOEL G. WILLIAMS,
DAVID BALDWIN, INC.,
A Division of Wachovia Insurance Services, Inc.,

Defendants-Appellants
Cross-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(October 28, 2008)**

Before TJOFLAT, BARKETT and GOODWIN,[*] Circuit Judges.

PER CURIAM.

In this diversity action, Richard Toomey and Brian Holman sued Wachovia Insurance Services, Inc., Davis Baldwin, Inc., a division of Wachovia Insurance Services, Inc., and Joel Williams, an officer/employee of Wachovia Insurance Services, Inc. (together "Wachovia") alleging, inter alia, that Wachovia breached fiduciary duties it owed to IMC Mortgage Company ("IMC") and that Wachovia was negligent in its dealings with IMC. In a previous settlement agreement between IMC and Toomey and Holman, IMC had assigned its potential claims against Wachovia to Toomey and Holman.

After trial, the district court submitted the breach of fiduciary duty claim to the jury, which returned a verdict of $1,069,200 in favor of Toomey and Holman. However, as to Toomey and Holman's other claims, including the claim that Wachovia was negligent in its dealings with IMC, the district court granted

_____

[*] Honorable Alfred T. Goodwin, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

judgment as a matter of law in favor of Wachovia. Wachovia appealed the jury verdict on the fiduciary duty claim and Toomey and Holman cross-appealed the grant of judgment as a matter of law on the remaining claims and the denial of their motion to alter or amend the judgment.

Because we found that determinative questions raised by this appeal were unsettled under Florida law, we certified the following two questions to the Florida Supreme Court:

> WHAT IS THE EFFECT OF A SETTLEMENT AGREEMENT BETWEEN TWO PARTIES THAT EXPLICITLY CONTAINS BOTH AN ASSIGNMENT OF CAUSES OF ACTION AGAINST A THIRD PARTY INSURER AND AN IMMEDIATE RELEASE OF THE INSURED ON THE SAME CAUSES OF ACTION?
>
> CAN A CLAIM FOR BREACH OF FIDUCIARY DUTY AGAINST AN INSURANCE BROKER BE ASSIGNED?

The Florida Supreme Court answered both questions in the affirmative, holding that the settlement agreement properly assigned IMC's cause of action against Wachovia to Holman and Toomey because the assignment was done simultaneously with the release of IMC from all liability and that the claim for breach of fiduciary duty against Wachovia is comparable to a bad faith claim and thus is assignable. Wachovia Insurance Services, Inc. v. Toomey, No. SC06-1110, 2008 WL 4379587, at *9 (Fla. Sept. 29, 2008). The Florida Supreme Court further determined that IMC's negligence claim against Wachovia was assignable to

3

Toomey and Holman and should have been submitted to the jury.  Id. at *8-9.

Based on the Florida Supreme Court's opinion in the instant case, we reverse the district court's grant of judgment as a matter of law in favor of Wachovia as to the negligence claim, affirm the judgment finding Wachovia liable for breach of fiduciary duty to IMC, affirm as to all other issues, and remand this case for any further proceedings necessary and consistent with the Florida Supreme Court's opinion.

**AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**